JUSTICE TRIEWEILER
dissenting.
¶38 I concur with the majority’s conclusion that, within the context of the stalking statute, “repeatedly” means more than once. I dissent from the majority’s conclusion that there was sufficient evidence for a rational trier of fact to have found that the defendant, Roman Sonny McCarthy, committed the offense of stalking beyond a reasonable doubt.
*279 ¶39 I concur with Justice Leaphart’s dissenting opinion, as far as it goes. However, I would conclude that neither the letter sent by the defendant to Gloria Edwards, nor the unopened envelope from the defendant which was received by Karen McCarthy, were communications prohibited by the stalking statute.
¶40 For purposes of this case, the stalking statute found at § 45-5-220, MCA, prohibited repeatedly harassing, threatening, or intimidating Karen by mail. Because of the restraining order which was in effect, and because of the defendant’s prior conviction of stalking, the potential penalty in this case was five years in prison and a $10,000 fine.
¶41 In this case, the extent of the defendant’s contact with Karen was her receipt of one sealed envelope which was never opened. For purposes of the record, the contents of the sealed envelope are unknown. Based on Karen’s receipt of one sealed envelope, the contents of which were unknown, the defendant was convicted of a felony punishable by five years in prison and a fine of $10,000.
¶42 The defendant may be a bad person; he may have violated protective orders which were in effect at the time of his communication; and the contents of the unopened envelope may have been offensive and frightening. However, for purposes of this case, we have to assume the envelope contained nothing because there was no evidence of the envelope’s content which was disclosed to the jury.
¶43 There is no way that a person of average intelligence could read the stalking statute found at § 45-5-220, MCA, and be on notice that delivery of an envelope which communicated no message on one occasion constituted a felony punishable by up to five years in prison and a $10,000 fine. Therefore, if the statute is so broad that it prohibits that kind of conduct, it is void for vagueness. See State v. Stanko, 1998 MT 321, 292 Mont. 214, 974 P.2d 1132. However, before declaring a statute unconstitutional, this Court “must adopt a construction of the statute which renders the statute constitutional in preference to one which renders it invalid.” State v. Helfrich (1996), 277 Mont. 454, 456, 922 P.2d 1159, 1160. In my opinion, either the facts in this case do not violate the statute, or the statute is unconstitutionally vague.
¶44 Although the extent of the defendant’s direct communication with his alleged victim was the delivery of one unopened envelope, the majority concludes that the “repeatedly” requirement of the stalking statute is satisfied by the fact that Gloria Edwards, a victim’s *280 assistant in the Gallatin County Attorney’s Office, also received a letter from the defendant which was addressed to both Edwards and Karen. However, the fact that it was addressed to Karen is irrelevant. It was not sent to Karen; it was not received by her; she never handled it; and she never read it.
¶45 The only reason that Karen was even aware of the letter received by Gloria Edwards was because the day after she received it, Edwards informed Karen that it had been sent. In other words, it was not the defendant who caused Karen emotional distress by sending the first letter, it was Edwards, the victim’s assistant in the county attorney’s office whose apparent responsibility is to help victims — not contribute to their emotional distress. If the consequence of mere knowledge of the letter was sufficiently severe to warrant punishment of up to five years in jail and a $10,000 fine, why would a victim’s assistant cause the result that the law is designed to protect against?
¶46 So, according to the majority and the District Court, the State satisfied its burden of proving that the defendant purposely or knowingly caused the victim substantial emotional distress by repeatedly harassing, threatening, or intimidating her by mail, even though the substance and extent of his communications with her was the receipt of one envelope, the contents of which she was unaware, and a third party’s receipt of a second envelope, the contents of which were never disclosed to her and about which she would never have known had the person employed to protect her not advised her that it had been received. This all seems to me a little like conviction by smoke and mirrors.
¶47 The defendant may have violated the restraining order which prohibited any contact with Karen; however, the remedy for that violation was contempt of court.
¶48 The defendant may have had a history of intolerable conduct in his relationship and attempted relationship with Karen; however, he had already been convicted once of stalking for his prior conduct. ¶49 What was not proven in this case was that the defendant’s conduct subsequent to his first conviction for stalking satisfied the elements of the offense, as set forth in § 45-5-220, MCA. The majority’s flexible application of § 45-5-220, MCA, may accomplish a socially desirable result in this case; however, the precedent established expands this serious offense beyond what was ever intended by the Legislature.
*281 ¶50 For these reasons, I dissent from the majority’s conclusion that there was sufficient evidence, even when viewed in the light most favorable to the prosecution, from which any rational trier of fact could have found that Roman Sonny McCarthy committed the offense of stalking.